UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JORGE A. BAR-LEVY,**

    **Plaintiff,**

v.                                             Case No: 5:24-cv-524-TJC-PRL

**U.S. DEPT OF HOMELAND
SECURITY and U.S. CITIZENSHIP
AND IMMIGRATION SERV.,**

    **Defendants.**

## ORDER

Plaintiff, Jorge A. Bar-levy, who is proceeding *pro se*, filed this action against Defendants United States Department of Homeland Security and United States Citizenship and Immigration Services. (Doc. 1). Plaintiff seeks to proceed in forma pauperis. (Doc. 2). For the reasons explained below, Plaintiff's motion to proceed in forma pauperis will be taken under advisement, and, in an abundance of caution, Plaintiff will be given an opportunity to amend the complaint.

    **I.**    **Legal Standards**

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

## II.     Discussion

Plaintiff's complaint (Doc. 1) purports to seek a writ of mandamus and consists of vague complaints against the Defendants related to Plaintiff's claim that he has been harassed by other individuals that he identifies as Honduran citizens, including Omar Silva Rosales. As best can be discerned from the allegations, Plaintiff believes that Rosales has been committing "Transnational Repression" against him. Plaintiff requests that the Court require Defendants to investigate and revoke Rosales's visa. (Doc. 1). Plaintiff asserts that Rosales and others are ineligible for visas due to involvement in international drug trafficking, and that they have engaged in a campaign of disinformation, religious prosecution, and death threats against Plaintiff. Plaintiff's prayer for relief requests that the Court compel Defendants to investigate and immediately revoke Rosales's visa due to his involvement in drug trafficking and "Transnational Repression" against Plaintiff. (Doc. 1 at 2-3).

To begin, the thrust of Plaintiff's petition is his belief that Rosales (and possibly others) are involved in illegal activities that would impact their immigration status. To that end, Plaintiff's concerns are more properly directed to the appropriate law enforcement agency or directly to United States Citizenship and Immigration Services via publicly available mechanisms to report fraud or abuse regarding immigration.

Otherwise, Plaintiff's allegations are largely vague, non-specific, and lack well-pled facts. In short, Plaintiff's allegations are far from sufficient to state a claim. Plaintiff's complaint does not meet the pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiff's complaint does not contain a short plain statement of the claim showing that the pleader is entitled to relief, as required by Rule 8. Although Plaintiff is proceeding *pro se*, he is "still required to conform to procedural rules, and the court is not required to rewrite

a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Moreover, and significantly, Plaintiff has not alleged any viable basis for his claim under federal law or otherwise. The complaint fails to state a claim upon which relief can be granted. Although it appears highly doubtful that Plaintiff would be able to allege any viable claim, out of an abundance of caution, the Court will provide Plaintiff with an opportunity to file an amended complaint to clarify the bases for his claim. Plaintiff must provide the Court with sufficient information and in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories upon which Plaintiff seeks relief and explain with factual allegations how defendant(s) are responsible. Plaintiff should carefully consider whether he can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

### III.   Conclusion

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **TAKEN UNDER ADVISEMENT**, and Plaintiff shall have until **December 27, 2024,** to file an amended complaint. The amended complaint must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure as well as those contained in the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10.

Further, Plaintiff is cautioned that despite proceeding *pro se*, he is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website

(http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/civil-discovery-handbook).

**DONE** and **ORDERED** in Ocala, Florida on December 4, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties